# FILED

JUN 09 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TINA ROSE**,
Plaintiff,

v.

**THE STATE OF ILLINOIS,**
by and through its Judicial Branch, specifically the Second Judicial Circuit, including the
**Franklin County Courthouse,**
Defendant.

Case No.: 25 - cv- 1207 - NJR

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, TITLE II OF THE ADA, AND JUDICIAL
OBSTRUCTION**

**JURY TRIAL DEMANDED**

1

## INTRODUCTION

1. Plaintiff Tina Rose is a disabled adult woman residing in Franklin County, Illinois. She brings this civil rights action against the State of Illinois, by and through its Judicial Branch—specifically the Second Judicial Circuit and the Franklin County Courthouse—for repeated and systemic violations of her rights under:

    - **Title II of the Americans with Disabilities Act (ADA);**

    - **The First and Fourteenth Amendments to the United States Constitution;**

    - **42 U.S.C. §§ 1983 and 12132;** and

    - **For enabling a racketeering scheme under 18 U.S.C. §§ 1961–1968.**

2. Plaintiff has been repeatedly denied reasonable ADA accommodations, subjected to hostile and unregulated courtroom environments, stripped of access to fair hearings, and retaliated against for asserting her civil and disability rights. These judicial failures materially aided a known local RICO enterprise and caused severe, ongoing harm—emotional, psychological, legal, and physical.
    a. Multiple judges, over several dockets, have denied basic procedural rights, suppressed plaintiff's speech, and ignored evidence of coordinated retaliation.

    b. These acts, when viewed collectively, create a pattern of protectionism benefiting city actors under federal scrutiny.

3. A partial but compelling record of these abuses is attached hereto as **Exhibit A and Exhibit B**, which outlines the specific actors, judges, and conduct forming the pattern and practice of judicial complicity in systemic obstruction, retaliation, and civil rights abuse. Plaintiff reserves the right to supplement this record as discovery proceeds.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to **28 U.S.C. § 1331** (federal question), **28 U.S.C. § 1343** (civil rights jurisdiction), and **42 U.S.C. § 1983**, as the claims arise under the Constitution and laws of the United States.

5. Plaintiff also invokes this Court's jurisdiction under **28 U.S.C. § 1367** for supplemental jurisdiction over related state law claims.

6. Venue is proper in this Court pursuant to **28 U.S.C. § 1391(b)** because the events giving rise to the claims occurred in **Franklin County, Illinois**, within the **Southern District of**

**Illinois**.

7. Declaratory relief is authorized under **28 U.S.C. §§ 2201 and 2202**.

8. Plaintiff seeks injunctive relief, compensatory damages, and any other relief deemed just and equitable by this Court, including costs and attorney's fees under **42 U.S.C. § 1988**.

## PARTIES

9. **Plaintiff Tina Rose** is an adult resident of Franklin County, Illinois. She is a pro se litigant and a disabled individual as defined under the **Americans with Disabilities Act, 42 U.S.C. § 12102(1)**. Plaintiff suffers from multiple physical and neurological conditions, including but not limited to PTSD, generalized anxiety disorder, ADHD, and chronic pain disorders, all of which substantially limit major life activities and require reasonable accommodations.

10. Plaintiff has been actively engaged in multiple legal matters in Franklin County for over a year. During that time, she has been subjected to judicial hostility, denied ADA accommodations, deprived of due process, and harmed by procedural failures, delays, and retaliatory judicial conduct.

11. **The Defendant, the State of Illinois**, by and through its Judicial Branch—specifically the **Second Judicial Circuit** including the **Franklin County Courthouse**—is responsible for administering justice in the region. This Defendant is sued for actions committed by agents, employees, and judges acting under color of state law, and for engaging in conduct that violated Plaintiff's rights under federal law.

12. The Second Judicial Circuit includes **Franklin County, Illinois**, where the underlying violations occurred. The judges and court personnel identified in this Complaint acted under the authority of the State of Illinois and in furtherance of its judicial functions.

## FACTUAL ALLEGATIONS

13. Since August 2024, Plaintiff has filed or been party to **twenty-nine (29)** civil and quasi-criminal cases in the Second Judicial Circuit, most in **Franklin County**, addressing a pattern of **code enforcement failure, official misconduct, hate crimes, RICO predicate acts, and retaliation**. These are not frivolous filings; they are grounded in real harm, supported by public records, FOIA responses, and multiple attempts to obtain redress through proper legal channels.

14. Despite the serious nature of these cases, the **Franklin County courthouse and assigned judges** have created an environment of escalating obstruction. The judicial branch has refused to provide hearings on basic motions—**including motions to dismiss, motions to compel, and motions for ADA accommodation**—in some cases

for **nine to ten months**. This exceeds any acceptable or legal delay and stands as a clear deprivation of due process.

15. In numerous instances, **Plaintiff has been denied hearings outright**, or had her matters **consolidated or buried procedurally** under the control of judges with known bias. **Judge Wallace**, for example, insisted Plaintiff provide **live medical testimony in court to "earn" ADA protections**, ridiculed the need for accommodations, and stated that defense counsel was "doing her a favor" by allowing basic disability rights.

16. **Judge Dirnbeck** has yelled **at Plaintiff in open court**, refused to hear her ADA motions, and permitted hostile opposing parties to use courtroom time as a platform for character assassination. In one hearing, Plaintiff was **not allowed to speak at all**, and cut off each time she began to speak, then flat told by Dirnbeck he did not want to hear the plaintiff's argument at all, that he will look over what is filed. He traumatized a disabled pro se litigant for seeking justice and silenced her ability to even present the case in court. Affidavit of witness on file.

17. **Judge Giacone** has presided over several of Plaintiff's civil suits while **denying multiple motions for change of venue.** Despite three formal filings requesting the matter be moved to Williamson County (a separate county free from local conflict), Judge Giacone continues to self-assign cases that involve **sitting government officials** and intertwined conflicts of interest. He has also refused professional mediation, instead demanding that a disabled pro se litigant **negotiate her own settlements against multiple opposing parties** with no neutral mediator present.

18. **Judge Foster** presided over a preliminary OP hearing and **refused to allow ADA notes**, stating that no notes could be used in the courtroom. His failure to enforce order and structure during the hearing resulted in chaos, intimidation, and further trauma to Plaintiff.

19. **Judge Weber** admitted at the start of one hearing that she had **already spoken with city officials** regarding Plaintiff's case—an apparent **ex parte communication**. When questioned, she denied ever making the statement. That hearing was **not recorded**, consistent with Franklin County's **pattern and practice of refusing to record hearings**, thus denying Plaintiff the ability to preserve the record for appeal or review.

20. **Judge Ligon**, in handling multiple order of protection filings, failed to provide clarity or order, creating confusion across cases and empowering further abuse by a hostile neighbor. Plaintiff was effectively **imprisoned in her home** under a protective order granted to her stalker, while her own order against the same individual was denied.

21. Together, these actions form a **pattern of judicial retaliation and obstruction** that cannot be dismissed as individual error. Plaintiff has requested **recordings, transcripts, ADA compliance, and venue changes** through every formal method

available—**motions, letters, JIB complaints, and ADA notices**—yet has consistently been met with silence, dismissal, or further misconduct. A detailed account of the specific conduct of each judicial actor is attached hereto as **Exhibit A**, incorporated by reference.

22. Meanwhile, in the background, the delays and actions empower actors, increase abusive behaviors and threats, and the **City of West Frankfort**, through its officials, code enforcement officers, and attorney **Jonathan Cantrell**, has manipulated municipal code, retaliated against Plaintiff, and failed to enforce state-mandated safety laws. Plaintiff has discovered at least **two alterations to city code** made during or after the filing of her lawsuits—**one of which occurred after Cantrell and the city council were named as actors in a federal RICO complaint**. The city would not feel further empowered to protect landlords from scrutiny if the courts were not showing protection and handled these cases seriously. No litigant should have 29 cases over what is a residing single contributor and be left without court intervention.

23. The court's enablement has caused extreme boldness by West Frankfort city officials, who, on **May 27, 2025**, passed exemptions for landlords to be free from state and HUD required safety inspections of rental buildings if they merely claim the renter is a family member. No proof is required, no definition of "family" is provided, and it applies citywide. This change appears designed **specifically to shield Defendant Robert Stanley**, a landlord whose building has been declared a public nuisance and whose actions are central to Plaintiff's claims of RICO acts by the city and its officials. Delays, along with Judge Dirnbeck refusing the plaintiff the ability to even present her argument in 2024LA47, she is left with escalating abuse from city officials who are emboldened enough to attempt entrapment schemes and further obstruction.

24. The Second Judicial Circuit, by enabling procedural stalling, protecting political actors from legal accountability, and **refusing to enforce basic rules of civil procedure**, has become **an instrument of continued harm**. Rather than serving as a neutral arbiter, the court has operated **in concert with city officials** to obstruct Plaintiff's rights, exhaust her physically and psychologically, and prevent adjudication of serious public safety and civil rights violations. After begging for structure and separate hearings, to accommodate her ADA requests, Judge Foster consolidated three OP hearings causing the plaintiff to argue from about 2pm to 630pm in a scene of chaos causing severe PTSD physical reactions by the plaintiff. Despite the temps being over 75, she was physically freezing - and further passed out for several hours, as a direct result of lack of accommodation.

25. Plaintiff's attempts to engage in good faith—with detailed filings, ADA disclosures, properly formatted motions, and public documentation—have been met not with legal relief, but with **coordinated obstruction, intimidation, and retaliatory case manipulation**. The harm to Plaintiff has been severe, ongoing, and irreparable without outside intervention.

26. Plaintiff alleges that the **State of Illinois**, by and through its judicial branch in the Second Judicial Circuit, has actively **participated in a RICO enterprise** that includes the **City of West Frankfort**, elected officials, attorneys, code enforcement officers, and multiple landlords with deep ties to city government. This enterprise has exploited local residents, violated state and federal law, and used the judicial system as a shield against accountability.

27. Plaintiff reserves the right to supplement these allegations as further discovery and FOIA responses are obtained, and as federal proceedings advance.

# CLAIMS FOR RELIEF

## COUNT I – Violation of Title II of the Americans with Disabilities Act

**(Against the State of Illinois / Second Judicial Circuit)**

12. Plaintiff incorporates all previous paragraphs.

13. Defendant is a public entity under Title II of the ADA.

14. Plaintiff is a qualified individual with disabilities and requested reasonable accommodations to access court services and proceedings.
    a. No ADA Advocate available in the Franklin County Courthouse, per state law.
    b. No handicap accessible functions for the front door of the courthouse, disenfranchising EVERY disabled person in the county.

15. Defendant denied accommodations, failed to engage in an interactive process, and facilitated conditions that directly undermined Plaintiff's ability to participate.

16. As a direct and proximate result, Plaintiff suffered severe emotional distress, procedural disadvantage, exacerbation of disability symptoms, and psychological harm.

**WHEREFORE**, Plaintiff demands judgment in her favor, declaratory and injunctive relief, and damages in an amount not less than **$2,000,000**, plus costs and other relief the Court deems appropriate.

## COUNT II – Denial of Access to Courts (42 U.S.C. § 1983 – 1st & 14th Amendments)

**(Against the State of Illinois / Second Judicial Circuit)**

17. Plaintiff incorporates all prior paragraphs.

18. Defendant acted under color of state law to deny Plaintiff equal access to the courts, including by refusing to hear motions, ignoring filings, delaying essential rulings, and assigning hostile judges without due cause.

19. Plaintiff was materially and repeatedly blocked from seeking redress for real harms.

20. As a direct and proximate result, Plaintiff was denied equal protection and due process, and suffered damage to her mental health, legal standing, and safety.

**WHEREFORE**, Plaintiff seeks judgment in her favor and demands not less than **$500,000** in damages, as well as injunctive and declaratory relief.

## COUNT III – Retaliation for Exercising ADA Rights

### (Against the State of Illinois / Second Judicial Circuit)

21. Plaintiff incorporates all preceding paragraphs.

22. Plaintiff exercised her rights under the ADA by making accommodation requests and reporting misconduct.

23. Defendant retaliated by increasing courtroom hostility, rejecting filings, creating procedural barriers, and forcing Plaintiff before biased judges to delay every proceeding as she begs for recusals.

24. As a result, Plaintiff was intimidated, and even silenced and not allowed to present her argument in 2024LA47, and further traumatized for asserting protected rights.

**WHEREFORE**, Plaintiff demands damages of not less than **$1,000,000**, a declaration that retaliation occurred, and appropriate injunctive relief.

## COUNT IV – Judicial Obstruction Enabling RICO Enterprise

### (Against the State of Illinois / Second Judicial Circuit)

25. Plaintiff incorporates all preceding paragraphs.

26. Judicial actors, through their failure to act, refusal to rule, and consistent shielding of municipal defendants, materially supported and enabled the continuation of a broader racketeering enterprise named in Plaintiff's parallel federal action.

27. This obstruction of justice deprived Plaintiff of meaningful legal remedy and emboldened her abusers to continue their conduct without judicial check.
    a. On or around the dismissal of Case No. 2024-LA-47 with prejudice by Judge
       Dirnbeck, a series of retaliatory and compounding abuses were set into motion

7

by both individual actors and court officials who had previously enabled
misconduct.

b. Lauren Hawkins—who had been illegally residing in a structure lacking any
certificate of occupancy or rental permit and who had engaged in stalking, video
surveillance, and harassment of the plaintiff—was permitted to file a retaliatory
Order of Protection (Case No. 2025-OP-45) against the plaintiff shortly after the
court dismissed the plaintiff's claims. This was permitted despite existing
evidence of Hawkins' misconduct.

c. The plaintiff had previously attempted to file an Order of Protection (Case No.
2024-OP-498) against Hawkins for stalking, harassment, and chemical battery.
However, Judge Dirnbeck unilaterally blocked the filing and directed the plaintiff
to pursue an appeal of an earlier ruling by Judge Ligon, effectively denying a
protective remedy while enabling the retaliatory action by Hawkins to proceed
unimpeded.

d. During the hearing on Hawkins' OP request, Judge Dirnbeck reviewed video
evidence presented by Hawkins herself—video which included *audio surveillance
of the plaintiff on her legally occupied property*. This evidence substantiated the
plaintiff's claims of stalking and electronic surveillance. Nevertheless, Dirnbeck
disregarded the plaintiff's objections, accepted the surveillance video, and
granted the OP in Hawkins' favor.

e. Following these rulings, Mayor Timothy Arview appeared emboldened
and—together with city officials—initiated what the plaintiff reasonably believes
was an entrapment scheme. This resulted in the plaintiff's arrest, timed to prevent
her from attending a zoning board meeting where she intended to object to illegal
land use involving Robert Stanley and others.

f. The refusal by multiple judges to grant the plaintiff basic protective relief, even
when faced with credible allegations of physical assault, chemical battery,
electronic harassment, and stalking, contributed to a climate of impunity and
escalated the harm inflicted on the plaintiff.

g. Despite repeated requests for ADA accommodations and formal notice to the
court of the plaintiff's disability, **the judicial system failed to report or refer any
concern to Illinois Adult Protective Services**—a statutory duty when a court is
made aware of potential abuse of a disabled adult.

    h. In the nine months following the dismissal of 2024-LA-47, the plaintiff has faced escalating threats, including threats of home demolition by the City of West Frankfort, death threats, and threats to poison or harm her registered service dog. This harm has occurred in tandem with the judicial system's failure to intervene, investigate, or apply any meaningful protection.

28. As a direct and foreseeable result, Plaintiff's physical safety, emotional health, and access to justice were severely harmed.

**WHEREFORE**, Plaintiff demands damages not less than **$4,000,000**, an investigation of judicial conduct, and immediate injunctive relief.

## PRAYER FOR RELIEF

**Plaintiff respectfully asks this Court to to award damages not less than $7,500,000 and:**

1. **Declare that the Second Judicial Circuit violated her rights under the ADA, U.S. Constitution, and federal law;**

2. **Award compensatory damages as detailed in each count;**

3. **Issue appropriate injunctive and structural relief to prevent future obstruction and ADA violations;**

4. **Award costs, filing fees, and reasonable compensation for pro se litigant efforts;**

5. **Grant such further relief as this Court finds just and equitable.**

**Respectfully submitted,**
**Tina Rose**
**Pro Se Plaintiff**

403 N Bryan St
West Frankfort Il 62896
3178005108
**TLROSE403@gmail.com**

EXHIBIT A: Informative Table with Hearing Descriptions for information purposes and to demonstrate a basis behind the complaint filed. May be incomplete, or other details added as cases progress. Information is timely as of 6/9/2025.

| CASE # | DATE FILED | TYPE | TITLE | SUMMARY | Additional Details |
|--------|-----------|------|-------|---------|--------------------|
| 2024OP331** **consolidated | 8/28/24 | SNCO | Stanley v. Rose | Coordinated OP filings in retaliation. Occurred day after coordinated joint verbal attack on plaintiff at City Council meeting and chemical battery by Lauren Hawkins | Judge Ligon allowed baseless retaliation and combined multiple unrelated cases. Hostile court environment and bias shown. Refused to record hearing |
| 2024OP333** | 8/28/24 | SNCO | Hawkins v. Rose | Coordinated OP filings in retaliation. Occurred day after coordinated joint verbal attack on plaintiff at City Council meeting and chemical battery by Lauren Hawkins | Due to the hostile court environment, Judge Ligon mocked that it was "not serious" that Lauren Hawkins sprayed me with bed bug spray. Refused to record hearing, specifically incorporated my case under my abuser's case number leaving me with no record for appeal and forced to appeal under my stalker's case number. |
| 2024OP334** | 8/28/24 | SNCO | Rose v. Samuel Williams | Filed for real harm, violent home invasion, stranger occurred 8/16/24 associated with code enforcement issues. | Granted. Samuel Williams is incarcerated. |
| 2024OP335** | 8/28/24 | SNCO | Greene v. Rose | Coordinated OP filings in retaliation. Occurred | Dismissed. Donna Greene is elderly, |

| | | | | | |
|---|---|---|---|---|---|
| | | | | day after coordinated joint verbal attack on plaintiff at City Council meeting and chemical battery by Lauren Hawkins | she appeared pulled into filing and was not aware of the plaintiff's name. |
| 2024OP338** | 8/28/2024 | SNCO | Rose v. Hawkins | Under Appeal | Ligon allowed Stanley, Greene, and Hawkins to group up with 3 baseless OPs on one side to discredit me and belittle plaintiff's claim. No harm was claimed by any of them. Hawkins' complaint was that a dog barked. Plaintiff was refused an OP that claimed chemical battery, physical assault, and electronic eavesdropping/stalking. Plaintiff was belittled by Judge Ligon as Judge Ligon made excuses for the assaults caused by Hawkins on Rose. Ligon also refused to participate in a bystander hearing after also refusing to record the hearing. |
| | | | | | |
| 2025LA47 | 9/5/24 | LAW | Rose v. City of WF, et al | Under appeal.\n\nCivil complaint regarding harm caused by refusing to enforce building codes. | Multiple disparaging remarks from the bench about "You're suing everyone." At hearing for defendants motion to dismiss, plaintiff was not allowed to |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | present her argument to the court. She was silenced/obstructed by Judge Dirnbeck. |
| 2025LA48 | 9/5/24 | LAW | Rose v. Lauren Hawkins | Still waiting motion to dismiss hearing for amended complaint.<br><br>Civil complaint re: surveillance, assault, chemical battery. | Judge Dirnbeck recused for extreme prejudicial behavior in the courtroom. Court refused the circuit judge's request. Giacone assigned the case to himself - and put disabled litigant in position to negotiate it all herself alone. No recording hearings, no evidence or record for access to appeals. |
| 2025LA49 | 9/5/24 | LAW | Rose v. Robert Stanley | Still waiting motion to dismiss hearing for amended complaint.<br><br>Civil complaint re: surveillance, assault, chemical battery - as landlord he is liable for harm from his property, for trespassing, threats, and other. | Judge Dirnbeck recused for extreme prejudicial behavior in the courtroom. Court refused the circuit judge's request. Giacone assigned the case to himself - and put disabled litigant in position to negotiate it all herself alone. No recording of earlier hearings. |
| 2024LA53 | 9/16/24 | LAW | Rose v. Raymond Newman | Still waiting motion to dismiss – for original motion to dismiss - delay, status hearing, delay, status hearing.<br><br>Civil complaint on property owner for allowing a drug house to operate and cause harm to surrounding property and physical harm to plaintiff. | Delays, recusals, Judge Dirnbeck yelling at the plaintiff. Plaintiff asked for an out of circuit judge but Judge Giacone assigned to himself. Had motion dismiss hearing 5/3 - both present, was not heard. Drew said on 5/30 he would |

| | | | | | negotiate in good faith. No contact. Judge Giacone left disabled pro se litigant to negotiate settlements alone with no mediator. |
|---|---|---|---|---|---|
| 2024LM54 | 9/16/24 | magistrate | Rose v. Randy Trone | Dismissed. | Judge Jo Beth Weber began the hearing with a pause to state she had spoken with city of WF about the case. Insisted she had to tell both parties. Swore in and Trone had no real argument to motion to dismiss, Weber disregarded harm to plaintiff or community and dismissed. When asked later about convo with the city of WF, she denied saying this in the trial. When the plaintiff attempted to get a copy of the transcript to see what was said, she was told no record existed. |
| 2024OP498 | 11/22/24 | SNCO | Rose v. Lauren Hawkins | Because no OP was granted in the previous case heard by Judge Ligon and due to escalating behaviors the plaintiff attempted to file an OP.<br><br>Plaintiff went back, forced to file an appeal where Judge Ligon inappropriately put the plaintiff's case number under the case number | While plaintiff agrees she filled out the paperwork, which was left with the clerk, no hearing of any type took place. Judge Dirnbeck stopped me and said to take the elevator and meet him at the clerk's office right that minute and told the clerk if I want an |

| | | | | of her stalker - thus forcing and humiliating the plaintiff by making her file an appeal under her stalker's case number.<br><br>Still in appellate court under 2024OP333. | OP I need to go back to Ligon and/or file an appeal. He refused to even hear a case. Court at a later date listed this on the docket as a case that was heard, it was not. |
|---|---|---|---|---|---|
| 2025OP45 | 2/11/25 | SNCO | Hawkins v. Rose | Hawkins was allowed to file and granted OP. | Hearing held by Judge Dirnbeck, who had refused to allow Rose to file previously. Dirnbeck blatantly ignored Rose object to using video that demonstrates that Hawkins is illegally electronically recording Rose on Rose's private property, and used evidence that Hawkins is stalking Rose and Judge Dirnbeck allowed this and because it is video of Rose singing on her own property, Dirnbeck granted an OP to Hawkins who has a history of assault and chemical battery against Rose. Dirnbeck also showed prejudice to the plaintiff Rose and Rose feels that this act of granting an OP to the assaulter was intentional harm by Dirnbeck. |
| 2025OP56 | 2/20/202 5 | SNCO | Arview v.Rose | Mayor Tim Arview filed a malicious OP as a | This was granted in an emergency. |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  | SLAPP suit against Rose to keep her from accessing government services, paying her own water bill, and in retaliation for speaking up for safety issues.<br><br>Eventually heard and dismissed by Judge Wallace. Arview admitted he thought it up.<br><br>During the hearing under Judge Wallace, the judge belittled Rose, outright refused ADA accommodations unless a live physician is present to testify. Asked opposing counsel if he minded - and told plaintiff that the counsel was "doing her a favor" and belittled and disparaged Rose for simply existing in her courtroom. | Judge Dirnbeck was asked to recuse due to his previous civil rights violations and other issues against Rose. Dirnbeck lost his professionalism. He stopped court and said "Everyone else in the room must be here because of Ms. Rose." This was untrue. Judge Dirnbeck recused himself, yelled for ten minutes at Ms Rose who was still in the back of the room. Then after having recused, in an extreme fit of anger chose to violate Ms. Rose's civil rights intentionally extended the OP without hearing and having already recused. |
| 2025OP65 | 2/26/25 | SNCO | Rose v. Arview | Abusive court environment. | Judge Dirnbeck recused. Dismissed by Wallace. |
| 2025OP66 | 2/26/25 | SNCO | Rose v. Snell | Abusive court environment. | Judge Dirnbeck recused. Dismissed by Wallace |
| 2025LA2 | 2/25/25 | LAW | Rose v. Arview | Case involves city officials lying under oath, causing entrapment-like schemes on the plaintiff and causing threats against home and life. | After being yelled at by Judge Dirnbeck, the plaintiff asked for an out of circuit judge. The court declined to provide an out of circuit judge and Giacone assigned the case to himself. No |

| | | | | | hearings or progress has been made and the judge instead put the disabled pro se plaintiff in the position to handle mediation alone with no professional mediator. No mediation is occurring and the court is obstructing access to hearings and access to out of circuit judge. |
|---|---|---|---|---|---|
| 2025LA3 | 2/25/25 | LAW | Rose v. Snell | Case involves city officials lying under oath, causing entrapment-like schemes on the plaintiff and causing threats against home and life. | After being yelled at by Judge Dirnbeck, the plaintiff asked for an out of circuit judge. The court declined to provide an out of circuit judge and Giacone assigned the case to himself. No hearings or progress has been made and the judge instead put the disabled pro se plaintiff in the position to handle mediation alone with no professional mediator. No mediation is occurring and the court is obstructing access to hearings and access to out of circuit judges. Giacone at this time is refusing all requests to change venue |
| 2025CH4 | 4/15/25 | CHAN | Rose v. | Asking for removal of | Giacone refuses at |

|  |  | CERY | Arview | the mayor from office. | this time to change venues for this politician to be heard outside his county. Giacone left the plaintiff to mediate this case alone without the assistance of a professional mediator and this action is to cause delay and obstruction to justice. |
|---|---|---|---|---|---|
| 2025LA14 | 5/21/25 | LAW | Rose v. Jonatha n Stanley | Jonathan Stanley showed up outside the plaintiff's residence and began screaming about Mayor Tim Arview, Code Officer Thad Snell and landlord Robert Stanley and then Jonathan Stanley threatened the life of the plaintiff and the life of her service animal. | No hearing has taken place as of yet. |
| 2025LA19 | 6/5/2024 | LAW | Rose v. Cantrell | J. Cantrell is the attorney for the city, paid for by residents and has a first obligation to safety for all residents in the city. J. Cantrell has instead supported acts of obstruction, supported refusal of following municipal code by city officials and supported harm being caused. His duty is first to taxpayers not to be defense council for criminal acts by city officials. | No hearing has taken place yet. |
| 2025LA20 | 6/5/2024 | LAW | Rose v. | City clerk Andrea | No hearing has |

| | | | Bolen | Bolen coordinated with Mayor Tim Arview to cause harm to the plaintiff by attempting an entrapment scheme. Arview forced the plaintiff to pick up the form in person at city hall. Plaintiff arrived and Arview stood over her threatening her and her home for 10 minutes. During this ten minute period, Andrea Bolen, who was not present, and at home 4.5 miles away, called the police via personal cell phone of Clint Willis to falsely report the plaintiff was engaging in terrorist activities at city hall. | occurred yet. |
|---|---|---|---|---|---|
| 2025OP163 | 5/13/25 | SNCO | R. Stanley v. Rose | Stanley filed an obscenely inappropriate OP with no real basis as a means to retaliate against the plaintiff for filing suit against him in Federal court. | Plaintiff disagrees with Judge Foster allowing the cases to be consolidated and refusing to allow her ADA accommodations. Plaintiff also believes the resulting hearing was not controlled, was a three way argument for hours as multiple individuals took stand and perjured themselves. Plaintiff also believes Judge Foster took extra time, followed OP regulations, and appeared to be far more thorough in not taking and explaining |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | procedures than other judges in the court. Plaintiff believes law was followed but she is left in extreme danger. |
| 2025OP175 | | SNCO | Rose v. Jonathan Stanley | Jonathan Stanley, a stranger to the plaintiff, showed up at plaintiff's home at 650 am on a Sunday to scream at the plaintiff, threaten the plaintiff and plaintiff's dog with death. | Same as 2025OP163 |
| 2025OP176 | | SNCO | Rose v. R. Stanley | Plaintiff firmly believes that Robert Stanley sent Jonathan Stanley to her home to threaten her with death, bodily injury, harm and to threaten to kill her dog. | Same as 2025OP163 |

**Exhibit B: Pattern and Practice of Judicial Complicity in Obstruction, Retaliation, and Civil Rights Abuse**
Connects civil rights violations to particular cases/judges in Franklin County court. This list is an example and is not intended to be exhaustive. Additional details exist.

| Name / Title | Role/Location of hearing | Misconduct | Impact / Rights Violated | Relevant Case # |
|---|---|---|---|---|
| **Judge Eric J. Dirnbeck** | **Franklin Co. Circuit Judge** | **Screamed at Plaintiff in open court; denied access to safety, denied the ability to even present an argument during hearing, granted stalker an OP against me which imprisoned me in my home and allowed her to** | **ADA Title II, First Amendment (access to courts), 14th Amendment (due process, equal** | **2024LA47 2024OP498 2025OP45, AND OTHERS** |

| | | continue abuse with implicit permission from the court and more. | protection), Retaliation under §1983 | |
| --- | --- | --- | --- | --- |
| **Judge Tara Wallace** | **Franklin Co. Circuit Judge** | **Implied that ADA rights are discretionary; belittled Plaintiff's disability and need for accommodations; stated that Plaintiff should be "grateful" to defense counsel for "allowing" accommodations; insisted on live doctor testimony as a requirement for ADA access, even in a civil OP case.** | **ADA Title II, Section 504 Rehabilitation Act, 14th Amendment (Equal Protection & Due Process), Retaliation** | **2025OP56, 2025OP65, 2025OP66** |
| **Judge Jim Giacone** | **Franklin Co. Circuit Judge** | **Refused/delayed all motions for change of venue despite clear bias concerns; denied Plaintiff's request for an out-of-circuit judge and reassigned multiple related cases to himself. Blocked access to professional mediation, instead directing a disabled pro se litigant to negotiate her own settlements across complex and intertwined cases. This resulted in prolonged delays, exacerbated harm, and allowed defense attorneys to act in bad faith. Refused to allow political corruption and official misconduct cases to transfer to Williamson County despite repeated requests.** | **ADA Title II, Due Process (14th Amendment), Equal Protection, Retaliation under §1983, Abuse of Discretion, Judicial Misconduct** | **Multiple** |
| **Judge Sonja J. Ligon** | **Franklin Co. Circuit Judge** | **Refused to functionally participate in a bystander hearing; failed to record multiple hearings and refused to record hearings when asked to preserve record,** | **ADA Title II, Due Process (14th Amendment), Retaliation, Equal** | **2024OP-multiple** |

| | | | | |
|---|---|---|---|---|
| | | combined multiple OPs that were completely unrelated, chaotic OP hearing; permitted abuse from stalker by refusing to state that electronic eavesdropping on private residential areas was a crime, refused to address substantial harm. | Protection, Access to Courts | |
| Judge Thomas A. Foster | Franklin Co. Circuit Judge | Refused Plaintiff's ADA-requested use of written notes during preliminary hearing; explicitly stated that no notes were to be used. Conducted a hostile and emotionally charged OP consolidation hearing. Although he permitted all parties to speak, the hearing lacked structure and control, causing confusion and additional stress for Plaintiff. | ADA Title II, Due Process (14th Amendment), Retaliation, Access to Courts | Multiple OP |
| Judge Jo Beth Weber | Franklin Co. Circuit Judge | Refused to record hearing; began proceedings by stating she had contacted the City of West Frankfort regarding the case, but later denied making the statement. When Plaintiff attempted to obtain a transcript, she discovered no recording existed. This reflects a broader pattern and practice in Franklin County of failing to record civil hearings, obstructing meaningful appeal and review. | 14th Amendment (Due Process), First Amendment (Right to Access Courts), ADA Title II, Retaliation, Canon 2 (Appearance of Impropriety), Possible Ex Parte Communication | 2024LM54 |

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| TINA ROSE | THE STATE OF ILLINOIS by and through the 2nd Judicial District and Franklin County Circuit Court |
| **(b)** County of Residence of First Listed Plaintiff _____ *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ *(IN U.S. PLAINTIFF CASES ONLY)* NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* PRO SE TINA ROSE -403 N BRYAN STREET WEST FRANKFORT IL 62896  3178005108 | Attorneys *(If Known)* N/A |

| II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)* | | III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* | | | |
|---|---|---|---|---|---|
| | | *(For Diversity Cases Only)* | | | |

| II. BASIS OF JURISDICTION |
|---|
| ☐ 1 U.S. Government Plaintiff |
| ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant |
| ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent ☐ 835 Patent - Abbreviated | ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine ☐ 345 Marine Product Liability | Liability | | New Drug Application ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** ☐ 710 Fair Labor Standards | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** ☐ 462 Naturalization Application | | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |
|---|---|---|---|---|---|---|

| **VI. CAUSE OF ACTION** | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 U.S.C. §§ 1983, 1985, 12132; 18 U.S.C. § 1962; 28 U.S.C. § 2201 – Civil rights, ADA, RICO, declaratory relief |
|---|---|
| | Brief description of cause: Civil rights violations, disability discrimination, conspiracy, and denial of due process by state actors. |

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P. | **DEMAND $** $7,500,000.00 | CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | *(See instructions):* JUDGE HON. JUDGE J. PHIL GILBERT | DOCKET NUMBER 25-cv-845-JPG |
|---|---|---|

DATE _____                    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____