IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TINA ROSE, | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:25-CV-1207-NJR** |
| **STATE OF ILLINOIS, by and through its Judicial Branch, including the Second Judicial Circuit and the Franklin County Circuit Court,[1]** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Tina Rose, proceeding *pro se*, filed this action against the State of Illinois. (Doc. 2). She brings two claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, alleging discrimination in the provision of public services and retaliation; one claim under 42 U.S.C. § 1983 alleging a violation of her First and Fourteenth Amendment rights; and one claim alleging civil violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* (Doc. 2). The case is now before the Court on Rose's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4), and her Motion for Recruitment of Counsel (Doc. 8).

---

[1]   In the caption of Plaintiff Rose's initial complaint, the Franklin County Circuit Court is referred to as the Franklin County Courthouse. (Doc. 1). Rose has moved to correct the case caption to reflect that the entity is referred to as the Franklin County Circuit Court. (Doc. 9). The Court **GRANTS** this motion and **DIRECTS** the Clerk's Office to correct Defendant's name to State of Illinois, by and through its Judicial Branch, including the Second Judicial Circuit and the Franklin County Circuit Court, as reflected in the above caption.

APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS

Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, a federal district court may allow a civil case to proceed *in forma pauperis* (that is, without prepayment) if the plaintiff "submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." Section 1915(e)(2) then requires careful threshold scrutiny of the complaint filed by such a plaintiff. The Court must dismiss the complaint if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

The standards applicable to reviewing claims under § 1915(e)(2)(B)(ii) are the same as those for reviewing claims under Federal Rule of Civil Procedure 12(b)(6). *Dewalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). Specifically, the plaintiff only must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* at 555.

Here, the Court is satisfied from Rose's affidavit that she is indigent. Rose states that her income comes from disability payments and occasional part time work, which she has been unable to do recently. (Doc. 4, at 1). Her monthly income is approximately

$1,038, and the majority of that goes to recurring expenses. *See id.* at 1–2. She alleges that her friends have helped pay her bills when she has not been able to do so. *Id.* at 1.

As Rose is unable to pay the filing fee, and because nothing in the file indicates this action is clearly frivolous or malicious, the next step is to determine whether Rose's complaint fails to state a claim on which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. The Court concludes that two of Rose's four claims should be dismissed with prejudice under § 1915(e)(2).

Rose's complaint contains four claims:

Count I:      a claim seeking monetary, declaratory, and injunctive relief and alleging that the State of Illinois violated Title II of the ADA by denying her reasonable accommodations;

Count II:     a claim under 42 U.S.C. § 1983 seeking monetary, declaratory, and injunctive relief and alleging that the State of Illinois violated her First and Fourteenth Amendment due process and equal protection rights by denying her equal access to the courts;

Count III:    a claim seeking monetary, declaratory, and injunctive relief and alleging that the State of Illinois violated Title V of the ADA by retaliating against her for exercising her ADA rights; and

Count IV:     a claim seeking monetary, declaratory, and injunctive relief and alleging that the State of Illinois violated RICO by engaging in "judicial obstruction."

(Doc. 2, at 6–9). Each of these claims is brought directly against the State of Illinois, "by and through" its judicial branch. *Id.* at 1; *see Arnold v. Cir. Ct.*, 741 F. App'x 337, 338 (7th Cir. 2018) (suits against units of the Illinois justice system are suits against the State of Illinois). Absent an exception, "a suit in which the State or one of its agencies or

departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Rose's claims are thus barred unless covered by one of the three exceptions to Eleventh Amendment sovereign immunity: "(1) where Congress . . . abrogates a state's immunity from suit; (2) where the state itself consents to being sued in federal court; and (3) under the doctrine articulated by the Supreme Court in *Ex parte Young*." *Council 31 of the Am. Fed'n of State, Cnty. and Mun. Emps. v. Quinn*, 680 F.3d 875, 882 (7th Cir. 2012) (citing *Ex parte Young*, 209 U.S. 123 (1908)). As *Ex parte Young* involves suits against state officers, not suits against the state itself, that exception is inapplicable here. Neither has Illinois consented to being sued on claims such as Rose's in federal court. 745 ILL. COMP. STAT. 5/1; *see also, e.g.*, *Doe v. Bd. of Trs. of Univ. of Ill.*, 429 F. Supp. 2d 930, 939–40 (N.D. Ill. 2006) (explaining that Illinois's limited consent to suit under civil rights statutes, including the ADA, extends only to suits by current, former, and prospective employees of the State for violations committed by the State as an employer). The only exception that might apply to any of Rose's claims, then, is abrogation by Congress.

Count II of Rose's complaint invokes 42 U.S.C. §1983. Though it is true that Congress did not abrogate the states' Eleventh Amendment immunity under § 1983, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), this Court need not reach that question, as states and their agencies "are not suable 'persons' within the meaning of [§] 1983." *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)). Consequently, by naming Illinois as defendant in an action under § 1983, Rose fails to state a claim upon which relief can be granted in Count II.

Count IV, on the other hand, arises under RICO. To abrogate the states' Eleventh Amendment immunity, Congress "must make its intention to abrogate 'unmistakably clear in the statute.'" *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541 (2002) (quoting *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989)). But "nothing in RICO shows a clear indication that Congress intended to waive the states' sovereign immunity." *Thompson v. Whitmer*, No. 21-2602, 2022 WL 168395, at *5 (6th Cir. Jan. 19, 2022); *see* 18 U.S.C. § 1964(c). Moreover, RICO was enacted under Congress's power to regulate commerce. *United States v. Espinoza*, 52 F. App'x 846, 848–49 (7th Cir. 2002). Even if Congress *had* intended to abrogate the states' Eleventh Amendment immunity as to civil RICO claims, it cannot do so under its Article I commerce power. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 57–73 (1996). Consequently, Count IV similarly fails to state a claim on which relief could be granted.

It is not immediately apparent, however, that Counts I and III of Rose's complaint are barred by sovereign immunity. Count I arises under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Rose alleges that she has been denied accommodations necessary for her to access court services and proceedings. (Doc. 2). Unlike § 1983 or RICO, however, the Supreme Court has held that ADA Title II abrogates the states' Eleventh Amendment immunity "as it applies to the class of cases implicating the fundamental right of access to the courts." *Tennessee v. Lane*, 541 U.S. 509, 533–34 (2004); *see also United States v. Georgia*,

546 U.S. 151, 159 (2006) ("[I]nsofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity."). Though this class of cases is not unlimited, *see King v. Marion Cir. Ct.*, 868 F.3d 589, 591–93 (7th Cir. 2017), it is possible that Rose's claim will fall within it. As such, she is not now barred from bringing this claim under 28 U.S.C. § 1915(e).

Count III arises under Title V of the ADA (specifically, 42 U.S.C. § 12203), not Title II. (Doc. 2). Rose alleges that, after attempting to exercise her rights under Title II by making accommodation requests and reporting misconduct, she was retaliated against, even to the point of being forbidden from presenting her argument in a state judicial proceeding. *Id.* Though these allegations, taken as true, could potentially "implicat[e] the fundamental right of access to the courts," *Lane*, 541 U.S. at 533–34, or "actually violate the Fourteenth Amendment," *Georgia*, 546 U.S. at 159 (emphasis omitted), neither the Supreme Court nor the Seventh Circuit has addressed whether such a suit under Title V validly abrogates the states' Eleventh Amendment immunity. Due to this uncertainty, Count III cannot be said to be "transparently defective," *Hoskins*, 320 F.3d at 763, and the Court thus declines to dismiss that Count.

Because Counts II and IV of Rose's complaints are barred by the Eleventh Amendment, the Court dismisses them pursuant to 28 U.S.C. § 1915(e)(2)(B). As to Rose's surviving claims in Counts I and III, the Court grants Rose's Application to Proceed in District Court Without Prepaying Fees or Costs.

MOTION FOR RECRUITMENT OF COUNSEL

Turning to Rose's Motion for Recruitment of Counsel (Doc. 8), the Court notes that civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when she is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit has instructed courts to consider two factors when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Pruitt*, 503 F.3d at 654.

When considering the difficulty of the case, the Court must determine "the particular plaintiff's capacity as a layperson to coherently present" the case to the judge and jury. *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. In conducting this inquiry, the court must determine "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

At this point in the litigation, the Court does not find it necessary to appoint counsel. While Rose has made a reasonable attempt to obtain counsel (Doc. 8, at 1), this Court is not convinced that the demands of the litigation exceed her capabilities. The

Court notes that Rose's filings have been well-written and easy to understand. This case is still in the pleadings stage, and Rose does not point to any specific tasks that she has been unable to complete. While sympathetic to the difficulties Rose may face as a result of her disabilities, the Court finds that she is capable of representing herself at this stage of the litigation. Should this case proceed to a point where the difficulty exceeds Rose's capabilities, the Court is open to considering a renewed motion for recruitment of counsel.

## CONCLUSION

For these reasons, Plaintiff Tina Rose's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is **GRANTED**. However, pursuant to 28 U.S.C. § 1915(e)(2)(B), Counts II and IV of her Complaint (Doc. 2) are **DISMISSED without prejudice**. Her Motion for Recruitment of Counsel (Doc. 8) is **DENIED**.

The Court **DIRECTS** the Clerk of Court to provide Rose with a USM-285 form. Rose is **ORDERED** to return the completed form to the Clerk of Court. Upon receipt of the completed USM-285 form, the Clerk is **DIRECTED** to prepare and issue a summons for Defendant State of Illinois, by and through its Judicial Branch, including the Second Judicial Circuit and the Franklin County Circuit Court, and to deliver a service packet consisting of the summons, USM-285 form, and a copy of the Complaint to the United States Marshals Service. The Court **DIRECTS** the United States Marshal, upon receipt of these documents, to serve a copy of the summons and Complaint upon Defendant in any manner consistent with Rule 4, as directed by the Plaintiff. Costs of service shall be borne by the United States.

Finally, the Court **DIRECTS** the Clerk's Office to correct Defendant's name in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED:   November 12, 2025**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**