## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TINA ROSE,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 3:25-CV-1207-NJR** |
| **STATE OF ILLINOIS, by and through its Judicial Branch, including the Second Judicial Circuit and the Franklin County Circuit Court,** | |
| **Defendant.** | |

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, District Judge:**

Plaintiff Tina Rose, proceeding *pro se*, filed this action against Defendant State of Illinois. (Doc. 2). After this Court granted Rose's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4), she was permitted to proceed on two counts under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*, alleging discrimination in the provision of public services and retaliation. (Doc. 2). Service has not yet been effectuated on Illinois, though a summons was issued on December 8, 2025. (Doc. 11).

The case is now before the Court on Rose's Motion for Preliminary Injunction (Doc. 3), her Motion for Judicial Notice (Doc. 6), and her Motion for Protective Relief (Doc. 7). For the reasons set forth below, the Court denies each motion.

### MOTION FOR PRELIMINARY INJUNCTION

Rose asks this Court in her motion for preliminary injunction to issue an order

(1) compelling Defendant State of Illinois to "immediately schedule all pending hearings in Plaintiff's state cases" (Doc. 3, at 1); (2) "prohibiting further delay or obstruction by any judicial officers or clerks currently assigned to Plaintiff's cases," *id.* at 3; (3) "requiring ADA-compliant proceedings, including the allowance of written argument or accommodations for Plaintiff's disability-related needs," *id.*; and (4) "requiring ADA-compliant doors on the front of the courthouse."

Under the Federal Rules of Civil Procedure, no preliminary injunction can be issued without notice to the adverse party. FED. R. CIV. P. 65(a)(1). It appears from the docket that Illinois has yet to be served, and there is no other indication that Illinois has had notice of this filing. As such, the Court could not yet grant this motion regardless of the merits.

Rose initially filed this motion on June 9, 2025. Even if Illinois were to receive service and begin drafting its response today, more seven months would still have elapsed between the date this motion was filed and when it would become ripe for a decision. The circumstances motivating Rose's request for a preliminary injunction could have changed significantly in the past seven months. Her concerns might either have become more compelling or completely moot, and neither the adverse party nor this Court would be aware of any such developments.

To wait for Illinois to be given notice before waiting even further for it to draft a response to a preliminary injunction request more than seven months out of date serves neither judicial economy nor the parties themselves. As such, Rose's motion for a preliminary injunction is denied without prejudice. If she wishes to renew her request

once notice has been given to Illinois in accordance with Federal Rule of Civil Procedure 65(a)(1), she may file a new motion informed by her current circumstances.

## MOTION FOR JUDICIAL NOTICE

Rose further asks this Court to take judicial notice of multiple ostensible facts. "A court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either (1) 'generally known within the territorial jurisdiction of the trial court' or (2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (quoting FED. R. EVID. 201(b) (1975)). Judicial notice is proper only when the matter is beyond reasonable controversy. *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."). Courts have traditionally taken judicial notice of facts of universal truths that cannot reasonably be controverted, such as geography or matters of political history. *520 South Michigan Ave. Associates, Ltd. v. Shannon*, 549 F.3d 1119, FN 14 (7th Cir. 2008); *see also Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997). In other words, courts take judicial notice of matters of common knowledge.

Judicial notice is "an adjudicative device that substitutes the acceptance of a universal truth for the conventional method of introducing evidence." *Gen. Elec. Capital Corp.*, 128 F.3d at 1081. When a court takes judicial notice of an adjudicative fact "[i]n a civil case, the court must instruct the jury to accept the noticed fact as conclusive," effectively directing a verdict on this point and taking the issue out of the case. FED. R.

EVID. 201(f). As a result, "courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Gen. Elec. Cap. Corp.*, 128 F.3d at 1081. "Judicial notice is a powerful tool that must be used with caution." *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) (citing *Gen. Elec. Cap. Corp.*, 128 F.3d at 1081).

Rose asks this Court to notice many facts. In her motion, they are grouped into six sentences. (Doc. 6, at 1–2). However, because each of her "facts" contain multiple propositions, each of which could be true or false independently, the Court has separated the facts from her request below:

| | |
|---|---|
| Fact 1: | That Rose filed multiple motions for change of venue and ADA accommodations between February and June 2025 in Franklin County Circuit Court. |
| Fact 2: | That Rose filed motions for change of venue and ADA accommodations between February and June 2025 in six particular cases. |
| Fact 3: | That Rose's motions for change of venue and judicial substitution were ignored or denied without hearing or proper ruling. |
| Fact 4: | That the motions for change of venue and judicial substitution that were ignored had been timely filed and facially valid under Illinois law. |
| Fact 5: | That Rose "submitted ADA accommodation requests to address communication impairments due to disability." |
| Fact 6: | That at least one of Rose's ADA accommodation requests was formally denied without hearing by Judge James Giacone. |
| Fact 7: | "That Franklin County Circuit Judge James Giacone denied hearing motions for venue before recusal issues." |

Fact 8:       That "established Illinois precedent" requires venue-related motions to take "procedural priority" over other motions.

Fact 9:       That Rose was prohibited from presenting oral argument in at least one motion hearing.

Fact 10:      That prohibiting Rose from presenting oral argument in the motion hearing was a violation of her due process rights.

Fact 11:      That the City of West Frankfort admitted Rose's factual allegations but claimed immunity even if the conduct was willful and wanton.

Fact 12:      That the Franklin County Circuit Court "routinely fails to record hearings."

Fact 13:      That Rose personally witnessed another litigant "nearly arrested" for bringing his own recording device.

*Id.*

In her motion, Rose does not provide the necessary evidence to render any of these facts indisputable.[1] In the first place, many of these facts are not susceptible to judicial notice because they are inherently "subject to reasonable dispute," FED. R. EVID. 201(b), such as Facts 4, 10, and 12. Even those facts which could theoretically be noticed—such as whether Rose submitted a given motion in a particular case, or whether Rose witnessed someone be "nearly arrested" for attempting to record a court proceeding—require a far greater showing of proof than Rose has provided. A printout of a state-court docket sheet,

---

[1] Rose did not attach any exhibits to her motion for judicial notice. (Doc. 6). The Court assumes Rose is referring to portions of her "Emergency Supplemental Memorandum of Evidence in Support of Federal Jurisdiction and to Reject Abstention under Pullman and Younger Doctrines." (Doc. 5). In the latter two thirds of that filing, Rose provides "docket sheets" for a number of state court cases, as well as a printout of email correspondence with Judge James Giacone. *Id.* at 11–30. The docket sheets consist of printed web pages listing entries in various state court cases where Rose is a party. The name of the website from which these docket sheets are drawn is not identified in Rose's filing or legible on the printouts. Further, each printout includes only the names of each entry rather than the content of the motions or orders. Though some of Rose's ostensible facts purport to rely on the evidence supplied by these printouts, the names of the listed motions and orders alone are insufficient to establish those facts beyond reasonable dispute.

without copies of the entries listed therein, hardly counts as a "source[] whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b)(2). And none of these facts, of course, are "generally known within [this] court's territorial jurisdiction." FED. R. EVID. 201(b)(1). As such, Rose's motion for judicial notice is denied without prejudice.

### MOTION FOR PROTECTIVE RELIEF

Rose asks this Court, using its inherent authority and pursuant to the All Writs Act, 28 U.S.C. § 1651, to enter a broad and sweeping order: directing the internal procedural mechanisms of Illinois' state courts; prohibiting "retaliation, judicial intimidation, or denial of ADA accommodations"; and directing notification of her factual allegations be given to the Illinois Attorney General and Judicial Inquiry Board and an invitation sent them to monitor or investigate. (Doc. 7, at 2). Given the nature of the relief sought by Rose and the absence of notice to the adverse party,[2] the Court construes this request as a motion for a temporary restraining order (TRO) under Rule 65. FED. R. CIV. P. 65(b).

The Court cannot grant Rose's motion because she has failed to satisfy its procedural prerequisites. For a TRO to be issued without notice to the adverse party, the movant must satisfy the requirements of Rule 65(b)(1). In addition to setting forth specific facts "clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," the movant must certify in writing any efforts she made to give notice and reasons why such notice should

---

[2] Again, the State of Illinois has yet to be served in this case, and Rose has not indicated that it has been given notice of her motion. (*See* Doc. 7).

not be required. *Id.* Rose's motion neither sets forth such facts nor makes any certification of efforts to give notice or reasons why notice should not be required. (Doc. 7). Consequently, her motion is denied without prejudice.

CONCLUSION

For these reasons, Plaintiff Tina Rose's Motions for Preliminary Injunction (Doc. 3), Judicial Notice (Doc. 6), and Protective Relief (Doc. 7) are **DENIED without prejudice**.

**IT IS SO ORDERED.**

**DATED:** **January 15, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**